[No. 21105. Department One. August 15, 1928.]

FLORENCE I. SWYNEY, *Respondent,* v. HENDLEY N. SWYNEY, *Appellant.*[1]

[1] APPEAL (440)—REVIEW—HARMLESS ERROR—PLEADINGS—STRIKING OUT. Error can not be assigned on striking an amended complaint in an action tried to the court, where it did not result in the exclusion of any evidence.

[2] DIVORCE (106)—CUSTODY OF CHILDREN—ORDER FOR SUPPORT. Where children are awarded to the custody of the mother it is proper to make an allowance for support in which the mother is to share.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 28, 1927, upon findings in favor of the plaintiff, in an action for divorce. Affirmed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.

*Wettrick & Wettrick,* for respondent.

TOLMAN, J.—This is a divorce action in which the wife prevailed and the husband has appealed.

[1] The first assignment of error is based upon the action of the trial court in striking an amended cross-complaint filed on the eve of the trial without leave of court and the refusal to permit its refiling on terms.

The appellant was permitted to introduce all of the evidence offered in support of the allegations of the stricken pleading and, so far as the record discloses, everything was before the court which would have been received if the pleading had not been stricken. It would be useless, therefore, to send the case back for a retrial on the same evidence.

[2] In her complaint, respondent asks for the custody of the children (two daughters of school age)

[1]Reported in 269 Pac. 835.

and for a reasonable allowance for their maintenance and support. The decree provides that the plaintiff is entitled to an award of eighty-five dollars per month for the care, maintenance and support of herself and the children. Error is assigned because of the inclusion of the mother with the children in this provision of the decree. The allowance is not large, and it would seem that, if the mother makes a home for the children and gives them her personal care, she will earn a substantial part of the allowance and should share in it on that theory. However, appellant argues:

"Suppose respondent remarries must I then assume the burden of asking the court to reduce the allowance?"

There will be no compulsion. If the appellant thinks, as we do, that $85.00 per month is not too much for the children until they reach the self-supporting state, he may continue to pay. If otherwise, the burden should be upon him to move for a modification.

Unfortunately, the story of the marital difficulties and shipwreck placed before the trial court is not an unusual one and, as is generally the case, the evidence upon the vital points is in sharp conflict. Counsel suggests a fear that this court will take a perfunctory glance at the record and affirm the judgment on the ground that the evidence does not preponderate against the trial court's findings. At the risk of being adjudged "guilty as charged," we can only say that, after studying the evidence from the standpoint of each party, as nearly as it is possible for us to do so from the typed pages, we are so nearly convinced that the trial court was right that we dare not accept the hazard of expressing a doubt.

The judgment is affirmed.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.